IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORLIS MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-0240-SMY |
| | ) |
| OLIN WINCHESTER, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Corlis Mitchell, a former employee of Defendant Olin Winchester LLC ("Winchester"), alleges that Winchester discriminated against her based on race and sex and retaliated against her for filing discrimination charges and wage and hour claims, resulting in wrongful termination. Mitchell asserts nine claims under the Illinois Human Rights Act ("IHRA"), Title VII of the Civil Rights Act of 1964, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/14(a), the Illinois Whistleblower Act ("IWA"), and state common law on retaliatory discharge.

Now pending before the Court is Winchester's Motion to Partially Dismiss Mitchell's First Amended Complaint (Doc. 10), which Plaintiff opposes (Doc. 16). For the following reasons, the Motion is **GRANTED**.

### Background

The following facts are taken from Plaintiff's First Amended Complaint and are deemed true for purposes of this motion. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008): Corlis Mitchell, a Black female and former employee at Olin Winchester, LLC's manufacturing facility in East Alton, Illinois, was initially hired as a front-line operator in 2000. In 2020, Mitchell

applied for a supervisor position but was denied. She filed a Charge of Discrimination with the Illinois Department of Human Rights, claiming discrimination. After reapplying, she was promoted in January 2021 and subsequently withdrew her charge. (Doc. 1-5, pp. 3–4 ¶¶ 11–12, 15–16). Mitchell alleges that despite her promotion, she continued to be subjected to discriminatory practices, leading to the filing of a second Charge of Discrimination. (*Id.* at p. 7 ¶29).

On April 6, 2022, Mitchell filed a lawsuit in Madison County Circuit Court, asserting claims against Defendant for unpaid hours in violation of the Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA").[1] (*Id.* at p. 9 ¶46). On February 3, 2023, Winchester terminated Mitchell's employment. (*Id.* at p. 8 ¶47). Mitchell contends that her termination was due, in part, to her Charge of Discrimination filings and wage and hour lawsuit. (*Id.* at pp. 11–12 ¶¶48–53).

Plaintiff asserts claims under the IHRA: Racial Discrimination, Retaliation Based on Race, Sex Discrimination, and Retaliation Based on Sex (Counts I–IV); Retaliation under the IWPCA (Count V); Retaliation in violation of the IWA (VI); Common Law Retaliatory Discharge (Count VII);[2] and Racial Discrimination, Retaliation Based on Race, Sex Discrimination, Retaliation Based on Sex, in violation of Title VII (Counts VIII–XI).

## Discussion

Winchester argues that Counts VI and VII of the First Amended Complaint are legally insufficient and duplicative of other claims; it moves for dismissal pursuant to *F.R.C.P.* 12(b)(6). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must

---

[1] Defendant removed the case to this Court, where it is pending. Case No. 3:22-cv-0966-SMY.

[2] Plaintiff mislabeled what should be Count VII as Count V. The Court adjusts the numbering of the subsequent counts accordingly. (Doc. 1-5, p. 25–33.).

"state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Additionally, under Rule 8(a)(2), a Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "[giving] the defendant fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (citation omitted).

### *Retaliation in Violation of the Illinois Whistleblower Act – Count VI*

Under the Illinois Whistleblower Act, an employer may not retaliate against an employee "who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal law, rule, or regulation." 740 ILCS 174/15(a); *Spratt v. Bellwood Pub. Library*, 380 F. Supp. 3d 783, 789 (N.D. Ill. 2019). Here, Mitchell alleges that Winchester terminated her employment in retaliation for her asserting claims against Defendant for unpaid hours in violation of the Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA"). These allegations are sufficient to state a claim under the Illinois Whistleblower Act. *Torres v. Merck Sharp & Dohme Corp.*, 255 F. Supp. 3d 826, 830 (N.D. Ill. 2017).

Winchester further argues that Mitchell's IWA retaliation claim is duplicative of her IWPCA retaliation claim because both claims rely on similar facts and request similar relief. Mitchell does not dispute the two claims are almost identical. She argues, however, that she is free to plead duplicative claims in the alternative under Federal Rule of Civil Procedure 8(d)(3).

While a plaintiff may plead claims in the alternative, because she does not indicate in the First Amended Complaint that the IWA retaliation and IWPCA retaliation claims (Counts V and VI) are alternative theories, dismissal of Count VI (Retaliation in Violation of the Illinois Whistleblower Act) without prejudice is warranted. *See*, *NewSpin Sports, LLC v. Arrow Electronics, Inc.*, 910 F.3d 293, 307 (7th Cir. 2018).

### *Common Law Retaliatory Discharge – Count VII*

A claim for retaliatory discharge under Illinois common law "'requires a showing that an employee has been (1) discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clear mandate of public policy.'" *Turner v. Mem'l Med. Ctr.*, 233 Ill.2d. 494, 500 (Ill. 2009). Although Illinois law does not define the precise limits of clearly mandated public policy, the tort of retaliatory discharge has only been allowed (1) when an employee is fired for asserting a workers' compensation claim and (2) when an employee is fired for refusing to engage in illegal conduct or reporting the illegal conduct of others ("whistle blowing" or "citizen crime fighting"). *See Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 941 (7th Cir. 2002).

Moreover, Illinois courts have held that wage disputes involve private interests and do not implicate a clearly mandated public policy. *Zientara v. Long Creek Tp.*, 211 Ill.App.3d 226, 244 (4th Dist. 1991); *see McGrath v. CCC Info. Servs. Inc.*, 314 Ill.App.3d 431, 440. And federal courts have concluded that IWPCA and IMWL claims "cannot form the basis for a legally viable common law retaliatory discharge claim." *Trochuck v. Patterson Cos. Inc.*, 851 F. Supp. 2d 1147, 1153 (S.D. Ill. 2012). Accordingly, Mitchell's common law retaliatory discharge claim will be dismissed.

<u>**Conclusion**</u>

For the foregoing reasons, Defendant Olin Winchester LLC's motion to partially dismiss is **GRANTED**. Plaintiff's claim for retaliation in violation of the Illinois Whistleblower Act (Count VI) is **DISMISSED without prejudice**; Plaintiff's common law retaliatory discharge claim (Count VII) is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**
**DATED:  February 19, 2025**

**STACI M. YANDLE**
**United States District Judge**